

# MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP

MICHAEL A. MIRANDA*
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN◊
——
MAURIZIO SAVOIARDO
MARK R. OSHEROW*◊□
COUNSEL

WRITER'S E-MAIL:
KSPINA@MSSSV.COM

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
CLARK, NJ

TODD HELLMAN*
KELLY C. SPINA*
NIR M. GADON
BRIAN L. GORDON
CRAIG H. HANDLER
ROBERT E.B. HEWITT
BRIAN S. CONDON◊
KATHLEEN L. WRIGHT
MICHAEL D. NERI
ANDREW G. VASSALLE
KELLY M. ZIC
SHEEL D. PATEL*
ELI BABAEV

*  ALSO ADMITTED IN NEW JERSEY
◊  ALSO ADMITTED IN CONNECTICUT
□  ALSO ADMITTED IN FLORIDA
*RESIDENT IN WESTCHESTER

August 29, 2012

**VIA ECF**

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-4449

Re:   ***Didonna v. Village Farms IGA, LLC.***
        Docket No.:  12-CV-1487 (JS)(ARL)
        Our File No.:  12-096

Dear Judge Lindsay:

We represent the defendant in the above-referenced matter.  We write in response to plaintiff's counsel's letter dated August 24, 2012 concerning discovery.  We address each of the issues raised *ad seriatim*.

Interrogatory No. 1:   Plaintiff improperly seeks the identity of the individuals that this office met with in formulating our defense of the claim, after this litigation was commenced.  This request is clearly violative of the work product and attorney-client protections.  Plaintiff alleges that the purpose of this request is to identify potential fact witnesses.  We have, however, provided every individual who possibly possesses knowledge and information concerning the claims in this case in defendant's Automatic Disclosure.

Interrogatory No. 4:   Plaintiff seeks a list of his own job duties, which we provided in response to this interrogatory.  There is nothing improper about the response and plaintiff's counsel is free to inquire further about plaintiff's job duties during defendant's eventual deposition.

MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP

HONORABLE ARLENE R. LINDSAY
AUGUST 29, 2012
PAGE 2 OF 3

Interrogatory No. 5:   Plaintiff asked for the method of recording his own time worked for his three (3) months employ and we provided a complete response. To the extent plaintiff seeks the identity of who "maintained" these records, we object on the grounds that the request is vague and ambiguous. Notwithstanding, and without waiving or limiting said objections, Lisa McCall is the individual who usually processes payroll on behalf of defendant.

Interrogatory No. 6:   Plaintiff again seeks a list of his job duties, which we provided in response to interrogatory number four (4). There is nothing improper about the response and plaintiff's counsel is free to inquire further about plaintiff's job duties during defendant's eventual deposition.

Interrogatory No. 14:  Plaintiff is seeking the identity of each person who has given oral, written, or recorded statements about the facts alleged in the pleadings along with specific information about those statements. This broad, ambiguous request appears to be an attempt to obtain information which is protected by the attorney-client and work product privileges. Nevertheless, we represent that we have not obtained any written statements concerning this case and any oral statements made by our client to us concerning the defense of this case is subject to the attorney-client privilege.

Interrogatory No. 15:  Plaintiff is seeking all of the measures taken by defendant to ensure that their wage and hour policies or practices comply with the FLSA or the New York Labor Law. Defendant maintains its prior objections to this request as it seeks information which is protected by the attorney-client and/or work product privilege. Notwithstanding, plaintiff has served a document demand seeking similar information and we will be providing copies of defendant's in-store postings to plaintiff's counsel in response to that demand.

Document Request No. 22:   Plaintiff improperly seeks a list of every employee who worked for the defendant supermarket during the entire period that plaintiff was employed. Plaintiff has failed to provide any good faith basis for the requested information. Since this is not a collective or class action, this seems to be a fishing expedition for plaintiff to harass every employee or make the list for new clients.

Document Request No. 25:   Plaintiff is seeking all of the profit and loss statements, ledgers, electronic accounting software, databases, bank statements, and tax returns for defendant. This request is overbroad, unduly burdensome, not properly limited in time or scope, seeks documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence and which are confidential or proprietary in nature. Notwithstanding, and without waiving or limiting said objections, plaintiff's counsel has served a request for admission that defendant earned over $500,000 in revenue within the meaning of the FLSA and we will provide a response that it did so. There is no need to provide confidential and sensitive documentation

**MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS** LLP

HONORABLE ARLENE R. LINDSAY
AUGUST 29, 2012
PAGE 3 OF 3

such as tax returns and bank accounts in light of defendant's admission concerning its annual revenue. Moreover, we disclose the existence of an applicable insurance policy at bar and thus this is simply harassment.

<u>Document Request No. 32</u>:   Plaintiff is seeking documents concerning the remuneration and overtime compensation to defendant's deli managers from October 2011 to present. Plaintiff was the only deli manager during the requested time period and defendant has provided plaintiff with his payroll records.

<u>Request for Admission No. 3</u>:Plaintiff is seeking an admission that he routinely worked more than 40 hours per week. We have objected to the use of the term "routinely" and provided a copy of plaintiff's time cards which demonstrate the hours that he purportedly worked for defendant.

We trust that these responses have satisfied plaintiff's inquiries. None of these "disputes" should have required Your Honor's intervention.

Thank you for your consideration of this matter.

Respectfully submitted,
**Miranda Sambursky Slone Sklarin Verveniotis** LLP

Kelly C. Spina

cc:     Saul D. Zabell, Esq. (via ECF)