```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN DIDONNA,

                              Plaintiff,                    **ORDER**
                                                            CV 12-1487 (JS)(ARL)
              -against-

VILLAGE FARMS IGA, LLC,

                              Defendant.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Before the court is the plaintiff's letter motion dated August 24, 2012 pursuant to Fed. R. Civ. P 37.3 for an order compelling the defendant to supplement its responses to Plaintiff's First Set of Interrogatories Nos. 1, 4-6,14, 15, First Request for the Production of Documents Nos. 22, 25, 32, and First Request for Admission No. 3. Defendant opposes the application. For the reasons set forth below, the plaintiff's motion is granted, in part.

Plaintiff commenced this action alleging that defendant, his employer, violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), by failing to pay him overtime for hours worked in excess of 40 hours per week. Plaintiff held the position of Deli Manager. Interrogatory No. 1 seeks the identity of individuals that defense counsel has interviewed concerning the allegations in plaintiff's complaint in order to identify potential fact witnesses, and Interrogatory No. 14 seeks the identity of each individual who has given oral, written or recorded statements about facts alleged in the pleadings together with specific information about those statements. Defendant objects to these interrogatories on the basis of attorney work product privilege. The attorney work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoena Dated Mar. 19, 2001 & Aug. 2, 2002,* 318 F.3d 379, 386 (2d Cir. 2003); *see* Fed. R. Civ. P. 26(b)(3). This doctrine preserves the privacy of an attorney's mental impressions and strategies. *Id.* at 383-84; *see Hickman v. Taylor*, 329 U.S. 495, 510-11 ("[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel"). Although there may be cases to support plaintiff's position, the undersigned concludes that the information sought does disclose an attorney's mental impressions and strategiews and that the more persuasive authority favor's defendant's position. "The better reasoned decisions . . . are those that draw a distinction between discovery requests that seek the identification of persons with knowledge about the claims or defenses (or other relevant issues) - requests that are plainly permissible – and those that seek the identification of persons who have been contacted or interviewed by counsel concerning the case." *Tracy v. NVR, Inc.*, 250 F.R.D. 130, 132 (W.D.N.Y. 2008); *see, e.g., Seven Hanover Assoc. v. Jones Lang LaSalle Americas, Inc.*, No. 04 Civ. 4143 PACMHD, 2005 WL 3358597, at *1 n.1 (S.D.N.Y. 2005) ("[d]efendant is free to ask for names of persons with knowledge of the facts, but is not

entitled, through plaintiffs, to identification of who among such knowledgeable individuals have been interviewed by plaintiffs' attorney"); *United States v. District Council of New York City and Vicinity of the United Bhd. of Carpenters*, No. 90 Civ. 5722 (CSH), 1992 WL 208284, at *10 (S.D.N.Y. Aug. 18, 1992) ("[h]ow a party, its counsel and agents choose to prepare their case, the efforts they undertake, and the people they interview is not factual information to which an adversary is entitled"). Accordingly, plaintiff's motion to compel the defendant to supplement its responses to Interrogatory Nos. 1 and 14 is denied.

With respect to Interrogatory No. 4, plaintiff claims that although he requested both the method used to record plaintiff's hours and the identity of who was responsible for maintaining those records, defendant "still refuses to address the latter part of this interrogatory." Interrogatory No. 4 does not request the identity of any individual; however such information is sought in Interrogatory No. 5 and plaintiff is entitled to her identity. In its response papers, defendant has provided plaintiff with the name of this individual, and therefore plaintiff's motion to compel in this regard is moot. With respect to the balance of the information requested in Interrogatory Nos. 4-6, plaintiff maintains that defendant refuses to confirm whether its response regarding plaintiff's job responsibilities and work schedule comprises the full extent of his duties. As this information concerns the underlying claims in this action, plaintiff's motion to compel a more complete statement is granted. Finally, Interrogatory No. 15 requests the identification of all measures taken by defendant to insure that their wage and hour policies complied with FLSA and New York Labor Law. Defendant states that plaintiff has served a document demand requesting similar information and would be providing copies of defendant's in-store postings to plaintiff's counsel in response to that demand. Thus, plaintiff's motion in this regard is moot.

Plaintiff's motion to compel production of the referenced document requests is denied. Document Request No. 22 seeks the production of a complete employee list (and last known contact information) for all employees employed with defendant during plaintiff's employment. Although plaintiff claims he needs this information to identify potential comparators in this wage and hour dispute, this action is not a collective or class action, *cf. Zaniewski v. PRRC, Inc.,* 2012 WL 996703, at *1 (D. Conn. Mar. 22, 2012), and plaintiff has not provided a sufficient basis for procuring this request. Document Request No. 25 seeks all of the profit and loss statements, ledgers, electronic accounting software, databases, bank statements and tax returns for defendant for the years 2011-2012. Defendant states that it will provide a response to plaintiff's request for an admission that defendant earned over $500,000 in revenue within the meaning of the FLSA and has disclosed the existence of an applicable insurance policy, and therefore there is no need to provide the requested documents to determine the extent of FLSA coverage. Document Request No. 32 seeks documents concerning the remuneration and overtime compensation to defendant's deli managers from October 2011 to present. Defendant represents that plaintiff was the only deli manager during the requested time period and has provided plaintiff with his payroll records.

Finally, plaintiff's motion to compel with respect to his Request for Admission No. 3 is

denied. Plaintiff is seeking an admission that he "routinely" worked more than 40 hours per week. Defendant has objected to the word "routinely" but has provided a copy of plaintiff's time cards which demonstrate the hours that he worked for defendant.


Dated: Central Islip, New York
        September 6, 2012

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge